```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,

                       Plaintiff,          MEMORANDUM & ORDER
                                           12-CV-1956(JS)(GRB)
           -against-

AUDREY COHAN and BARRY COHAN,

                       Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Barry I. Levy, Esq.
                    Frank P. Tiscione, Esq.
                    Melissa M. Murphy, Esq.
                    Michael Sirignano, Esq.
                    Rivkin Radler LLP
                    926 RXR Plaza
                    Uniondale, NY 11556

For Defendants:
Audrey Cohan        John N. Tasolides, Esq.
                    Law Offices of John N. Tasolides
                    6800 Jericho Turnpike, Suite 110W
                    Syosset, NY 11791

Barry Cohan         Michael S. Finkelstein, Esq.
                    Finkelstein & Feil, LLP
                    666 Old Country Road, Suite 210
                    Garden City, NY 11530
```

SEYBERT, District Judge:

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") commenced this action on April 20, 2012 against Defendants Barry Cohan ("Mr. Cohan") and Audrey Cohan ("Mrs. Cohan," and together with Mr. Cohan, "Defendants"), seeking the imposition of a constructive trust and related relief with respect to two properties titled in Mrs. Cohan's

name. Pending before the Court is Mrs. Cohan's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, her motion is DENIED.

BACKGROUND[1]

I. <u>Mr. Cohan's Arrest and Conviction</u>

Mr. Cohan was a dentist, licensed by the State of New York since 1981, who maintained a general practice with offices in Long Beach and Brooklyn, New York. (Compl. ¶ 7; 2009 Action Compl. Ex. 2, ¶ 1.) In or around November 2007, Mr. Cohan was indicted by a grand jury in the Eastern District of New York and charged with healthcare fraud and making false statements related to healthcare matters arising out of his submitting false and/or inflated claims for dental procedures that were purportedly administered to employees of the Port Authority of New York and New Jersey and their dependents. (<u>See</u> <u>generally</u> 2009 Action Compl. Ex. 2; <u>see</u> <u>also</u> Compl. ¶ 7.) In or around May 2009, a grand jury returned a superseding indictment, which

---

[1] The following facts are taken from State Farm's Complaint as well as the docket of Eastern District case numbers 09-CV-2990(JS)(WDW) (the "2009 Action") and 07-CR-0841(FB) (the "Criminal Action"). The facts taken from the Complaint are presumed to be true for the purposes of this Memorandum and Order and the Court may take judicial notice of the publicly filed documents in the 2009 and Criminal Actions. <u>See</u> <u>infra</u> p. 8-9.

2

added healthcare fraud and false statement counts arising out of an alleged scheme related to Invisalign aligners as well as two counts of aggravated identity theft. (Criminal Action, Docket Entry 48.) Mr. Cohan pled guilty on June 10, 2009 (Criminal Action, Docket Entry 54) and was sentenced on May 28, 2010 to three years and one day of incarceration to be followed by three years of supervised release (Criminal Action, 5/28/2010 Minute Entry). In connection with his guilty plea, Mr. Cohan surrendered his license to practice dentistry. (Compl. ¶ 7.)

II. The 2009 Action

State Farm then commenced a civil action against Mr. Cohan and his professional corporations, asserting claims under the Racketeer Influence and Corrupt Organizations Act ("RICO"), and for fraud, unjust enrichment, and declaratory judgment and seeking to recover the money that Mr. Cohan obtained from State Farm by submitting fraudulent bills for dental services. (Compl. ¶ 8; see also generally 2009 Action Compl.) Neither Mr. Cohan nor his professional corporations answered the complaint in the 2009 Action; thus, on August 11, 2009, State Farm moved for the entry of default and default judgment against all of the defendants (Compl. ¶ 10; 2009 Action, Docket Entries 7-10). The Clerk of the Court noted the defendants' default on August 12, 2009 (Compl. ¶ 10; 2009 Action, Docket Entries 11-14), and the undersigned referred the motions for default judgment to

3

Magistrate Judge William D. Wall for a report and recommendation (Compl. ¶ 11; 2009 Action, Docket Entry 15).

Judge Wall issued his Report and Recommendation on December 30, 2009, recommending that: (1) a default judgment be entered against all of the defendants on the fraud and unjust enrichment claims in the amount of $1,006,161.93 plus $436,738.12 in prejudgment interest; (2) a default judgment be entered against Mr. Cohan only on the RICO claim in the amount of $3,018,485.79; and (3) a declaratory judgment be entered stating that State Farm is not obligated to pay any outstanding claims by the defendants.  (2009 Action, Docket Entry 25.)

On or about January 5, 2010, before the Court issued an order on Judge Wall's Report and Recommendation, Mr. Cohan and the other defendants moved to vacate the entry of default. (Compl. ¶ 12; 2009 Action, Docket Entry 26.)  The Court, however, denied their motion and adopted Judge Wall's Report and Recommendation in its entirety, entering a default judgment against Mr. Cohan in the amount of $3,018,485.79 and against all defendants in the amount of $1,006,161.93 in damages plus $436,738.12 in prejudgment interest.  (Compl. ¶ 13; 2009 Action, Docket Entries 37, 38.)  Mr. Cohan appealed the judgment (Compl. ¶ 14; 2009 Action, Docket Entry 39), and the Second Circuit affirmed the Court's decision on March 3, 2011 (Compl. ¶ 14; 2009 Action, Docket Entry 69).

III. The Subject Property

In the interim, State Farm engaged in post-judgment discovery in the 2009 Action and learned that Mr. Cohan has "virtually no assets in his name." (Compl. ¶ 16.) However, State Farm discovered that Mrs. Cohan, who "earned only a modest salary as a teacher and/or professor" (Compl. ¶ 21) has two "major real estate assets" in her name: (1) the family residence, located at 165 Foxhunt Crescent, Syosset, New York (the "Syosset Property") and (2) a vacation/rental home, located at 8933 Lakes Boulevard, West Palm Beach, Florida (the "West Palm Beach Property") (Compl. ¶ 16).

    A.    The Syosset Property

From 1986 through 2001, Defendants co-owned property located at 82 Harborview West, Lawrence, New York which they used as the family's residence. (Compl. ¶¶ 24-25.) In 2001, Defendants sold that home for approximately $781,000 and used the proceeds of the sale towards purchasing the Syosset Property for approximately $995,000. (Compl. ¶¶ 28-30.) The Syosset Property was purchased solely in Mrs. Cohan's name, "even though it could not have been purchased by Mrs. Cohan but for the contribution of funds belonging to Mr. Cohan." (Compl. ¶ 32.) Further, although the property was in Mrs. Cohan's name, the mortgage, property taxes, and/or insurance payments were made "in whole or in part" from bank accounts owned exclusively by

5

Mr. Cohan or jointly with Mrs. Cohan which contained the proceeds of his fraudulent schemes. (Compl. ¶¶ 18, 33.) The couple resided there together until Mr. Cohan was incarcerated in 2010. (Compl. ¶ 31.)

    B.    <u>The West Palm Beach Property</u>

In or around 2006, Defendants purchased the West Palm Beach Property, in part, by obtaining a mortgage in the amount of $411,000 and, in part, through a remortgage/refinance and/or home equity loan on the Syosset Property. (Compl. ¶¶ 35-37.) Similar to the Syosset Property, the West Palm Beach Property was purchased solely in Mrs. Cohan's name, "even though it could not have been purchased by Mrs. Cohan but for the contribution of funds belonging to Mr. Cohan." (Compl. ¶ 38.) Further, although the property was in Mrs. Cohan's name, the mortgage, property taxes, and/or insurance payments were made "in whole or in part" from the bank accounts owned exclusively by Mr. Cohan or jointly with Mrs. Cohan which contained the proceeds of his fraudulent schemes. (Compl. ¶ 39.)

IV.    <u>The Present Action</u>

On April 20, 2012, State Farm commenced the present action against Defendants, seeking: (1) a declaration that the Syosset and West Palm Beach Properties, although titled in Mrs. Cohan's name, actually belong to Mr. Cohan, (2) the imposition of a constructive trust on the properties in favor of State

Farm, and (3) a directive that the properties be delivered to the United States Marshal to be sold at a public auction, with the proceeds to be used in whole or part to satisfy State Farm's judgment against Mr. Cohan. In the alternative, State Farm seeks an equitable reformation of the deeds of the properties to reflect joint ownership by State Farm and Mrs. Cohan.

Mrs. Cohan answered the Complaint on May 16, 2012 (Docket Entry 6), and Mr. Cohan answered on August 2, 2012 (Docket Entry 14). On September 4, 2012, Mrs. Cohan moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Entry 17.) This motion is presently before the Court.

## DISCUSSION

The Court will first describe the standard of review under Rule 12(c) before turning to the merits of Mrs. Cohan's motion.

### I. Standard of Review

The standard for deciding a motion pursuant to Rule 12(c) "is identical to that of a Rule 12(b)(6) motion for failure to state a claim." See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001); Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998). In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a plausibility standard, which is guided by "[t]wo

working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all of the allegations in the Complaint as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555); accord Harris, 572 F.3d at 72. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). This has been interpreted broadly to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken, see Chambers v. Time Warner,

Inc., 282 F.3d 147, 152–153 (2d Cir. 2002); <u>Kramer v. Time Warner Inc.</u>, 937 F.2d 767, 773 (2d Cir. 1991), including the dockets in the 2009 and Criminal Actions, see <u>Vaughn v. Consumer Home Mortg. Co.</u>, 470 F. Supp. 2d 248, 256 n.8 (E.D.N.Y. 2007) ("[C]ourts may take judicial notice of court records."); see also <u>Anderson v. Rochester-Genesee Reg'l Transp. Auth.</u>, 337 F.3d 201, 205 n.4 (2d Cir. 2003) (collecting cases). Consideration of matters beyond those just enumerated requires the conversion of the Rule 12(c) motion to dismiss into one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(d); see also <u>Kramer</u>, 937 F.2d at 773.

II. <u>Mrs. Cohan's Motion</u>

Mrs. Cohan argues that the Complaint must be dismissed because all forms of relief sought by State Farm are "based upon a legal theory of constructive trust," and the Complaint fails to "properly allege facts supporting a claim for a constructive trust." (Mrs. Cohan Mot. 3.) State Farm agrees that its claims all sound in constructive trust but argues that it has pled facts sufficient to survive a Rule 12(c) motion. The Court will first discuss the pleading requirements for a constructive trust claim before addressing Mrs. Cohan's arguments in support of dismissal.

"New York law requires that a person establish four elements before a court will impose a constructive trust: (1) a

9

confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer of the subject res made in reliance on that promise, and (4) unjust enrichment." United States v. Coluccio, 51 F.3d 337, 340 (2d Cir. 1995); accord Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.), 377 F.3d 209, 212 (2d Cir. 2004); Fairfield Fin. Mortg. Grp., Inc. v. Luca, 584 F. Supp. 2d 479, 485–486 (E.D.N.Y. 2008). Mrs. Cohan argues that State Farm has not satisfied this standard because the Complaint fails to plead non-conclusory allegations in support of each of the four elements--namely that: (1) there existed a fiduciary relationship between Mr. or Mrs. Cohan and State Farm;[2] (2) a promise was made with respect to the Syosset and West Palm Beach Properties; (3) the properties were transferred in reliance on that promise; and (4) Mrs. Cohan was unjustly enriched. The Court disagrees.

"Although these factors provide important guideposts, the constructive trust doctrine is equitable in nature and should not be 'rigidly limited,'" Koreag, Controle et Revision S.A. v. Refco F/X Assocs., Inc. (In re Koreag), 961 F.2d 341,

---

[2] Mrs. Cohan also reads the Complaint as attempting to assert a constructive trust between Mr. and Mr. Cohan (instead of between the Cohans and State Farm) and argues that State Farm does not have standing to assert such a claim. The Court does not read the Complaint to assert this claim. And to the extent that it did, State Farm did not refute Mrs. Cohan's standing argument in its opposition brief, so that claim would be deemed abandoned.

10

352 (2d Cir. 1992) (quoting Simonds v. Simonds, 45 N.Y.2d 233, 241, 408 N.Y.S.2d 359, 363, 380 N.E.2d 189, 194 (1978)); see also Thaler v. Adler (In re Adler), 372 B.R. 572, 579 (Bankr. E.D.N.Y. 2007) (stating that "the four elements of [constructive trust] are not conclusive" (alteration in original) (internal quotation marks and citation omitted)); Cruz v. McAneney, 31 A.D.3d 54, 59, 816 N.Y.S.2d 486, 490 (2d Dep't 2006) (stating that the "factors should be applied flexibly"), and "the absence of any one factor will not itself defeat the imposition of a constructive trust when otherwise required by equity," In re Koreag, 961 F.2d at 353. Thus, State Farm's failure to plead that Mrs. Cohan and State Farm were in a fiduciary relationship is not fatal to its constructive trust claims, see id. at 353-54 (citing Simonds, 45 N.Y.2d at 242, 408 N.Y.S.2d at 363, 380 N.E.2d at 194); see also, e.g., Lines v. Bank of Am. Nat'l Trust & Sav. Ass'n, 743 F. Supp. 176, 180 (S.D.N.Y. 1990) (imposing a constructive trust despite the absence of a fiduciary relationship); Fairfield Fin., 584 F. Supp. 2d at 486 (similar), nor does the Complaint's failure to plead a promise and reliance necessitate dismissal at this stage of the proceedings, see, e.g., Golden Budha Corp. v. Canadian Land Co. of Am., N.V., 931 F.2d 196, 202 (2d Cir. 1991) (finding that a district court erred in dismissing a constructive trust claim for failure to plead a promise and reliance, stating that "[n]o breach of

11

promise is necessary for the imposition of a constructive trust, which 'will be erected whenever necessary to satisfy the demands of justice'" (quoting Latham v. Father Devine, 299 N.Y. 22, 27, 85 N.E.2d 168, 170 (1949))).

Rather, the focus of the Court's inquiry at this stage is whether Mrs. Cohan was unjustly enriched. See In re First Cent. Fin. Corp., 377 F.3d at 212 (stating that the "fourth element [of a constructive trust claim] is the most important since 'the purpose of the constructive trust is prevention of unjust enrichment'" (quoting Simonds, 45 N.Y.2d at 242, 408 N.Y.S.2d at 364, 380 N.E.2d at 194)); In re Adler, 372 B.R. at 579 ("'The ultimate purpose of a constructive trust is to prevent unjust enrichment and, thus, a constructive trust may be imposed [w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest.'" (quoting Cruz, 31 A.D.3d at 59-60, 816 N.Y.S.2d at 490)). Mrs. Cohan argues that the Complaint fails to plead unjust enrichment because: (1) State Farm has failed to "sufficiently set forth facts that trace the monies it has lost to the property that it now seeks to take from defendant Audrey Cohan" (Mrs. Cohan Mot. 8; see also id. at 9-11) and (2) it does not allege that Mrs. Cohan participated in Mr. Cohan's fraudulent activities (id. at 8). Neither argument warrants dismissal. First, although State Farm will eventually

be required to trace the fraudulent funds to the Syosset and West Palm Beach Properties, see United States v. Schwimmer, 968 F.2d 1570, 1583 (2d Cir. 1992), it need not prove its claim at this stage of the litigation, see Fairfield Fin., 584 F. Supp. 2d at 486. Rather, State Farm need only allege enough facts to state a plausible claim for relief. See Iqbal, 556 U.S. at 679. Here, the Complaint alleges that Mr. Cohan's funds were used, at least in part, to purchase the West Palm Beach Property and to pay the mortgage, taxes, and insurance on both the West Palm Beach and Syosset Properties. (Compl. ¶¶ 32-33, 38-39.) The Court finds that this is sufficient at this stage of the litigation.³ Cf. Adler, 372 B.R. at 580 (denying a debtor's wife's motion for summary judgment on a constructive trust claim because the trustee had raised a genuine issue of material fact

---

³ Mrs. Cohan asserts that the Complaint must be dismissed because it alleges that Mr. Cohan's fraudulent activity occurred within the last ten years--i.e., in 2002 or later--and the Syosset Property was purchased in 2001. Thus, Mrs. Cohan argues that the Syosset Property could not plausibly have been purchased with proceeds from Mr. Cohan's criminal conduct, which post-dates their purchase of that property. She further argues that, as the Syosset Property was refinanced to purchase the West Palm Beach Property, the West Palm Beach Property was not purchased with his illicit gains either. However, the Complaint also alleges that Mrs. Cohan obtained a mortgage on the Syosset Property and that Mr. Cohan paid that mortgage, as well as the property's taxes and insurance payments, with his illicit gains. Thus, it is plausible that both the Syosset and West Palm Beach Properties were funded, at least in part, by Mr. Cohan's illicit gains.

as to whether the debtor's deposits into his wife's bank account were used to purchase and maintain properties at issue). Second, although Mrs. Cohan was never implicated in Mr. Cohan's fraudulent actions, unjust enrichment "does not require the performance of any wrongful act by the one enriched." In re Koreag, 961 F.2d at 354 (quoting Simonds, 45 N.Y.2d at 242, 408 N.Y.S.2d at 364, 380 N.E.2d at 194) (internal quotation marks omitted). Rather, unjust enrichment merely requires that State Farm establish that Mrs. Cohan was holding the properties at issue under circumstances that render her continued ownership "unconscionable and inequitable." See Counihan v. Allstate Ins. Co., 194 F.3d 357, 362 (2d. Cir. 1999); see also Fairfield Fin., 584 F. Supp. 2d at 486. Here, the Complaint asserts that the properties were purchased for Mrs. Cohan using funds fraudulently obtained, in part from State Farm, by Mr. Cohan. Thus, Mrs. Cohan was enriched at State Farm's expense. The Court finds that this states a claim for unjust enrichment. See Mandarin Trading Ltd. v. Wildenstein, 16 N.Y.3d 173, 182, 919 N.Y.S.2d 465, 472, 944 N.E.2d 1104, 1110 (2011) (stating that to prevail on an unjust enrichment claim, "[a] plaintiff must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be

recovered" (second alteration in original) (internal quotation marks and citation omitted)).

Accordingly, the Court will not dismiss this action for failure to plead a claim for a constructive trust at this time.

## CONCLUSION

For the foregoing reasons, Mrs. Cohan's motion for judgment on the pleadings is DENIED. This action is hereby REFERRED back to Magistrate Judge Gary R. Brown to set a discovery schedule and for all related pre-trial matters.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   August 20, 2013
         Central Islip, NY

15